1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SEAN MICHAEL VASKO,                          No.  2:21-cv-1909 AC P

12                  Plaintiff,

13          v.                                      ORDER

14    AMADOR COUNTY JAIL,

15                  Defendant.

16

17          Plaintiff is a county jail inmate proceeding pro se with a civil rights action under 42

18    U.S.C. § 1983.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19    1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20    636(b)(1).  For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be

21    granted and he will be given an opportunity to amend the complaint.

22          I.      APPLICATION TO PROCEED IN FORMA PAUPERIS

23          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                              1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   THE COMPLAINT

Plaintiff presents three claims against Amador County Jail. In his first claim, he alleges that at the outset of the Covid-19 pandemic, jail staff were not testing inmates during intake, resulting in the spread of the virus amongst the inmate population. When plaintiff complained about this practice in a grievance, the entire jail was tested and locked down. Plaintiff was locked in his cell 24 hours a day with a Covid-positive cellmate, and he (plaintiff) had symptoms but was not being tested. He further alleges that his right to confidentiality is violated by jail officers sitting in on his medical appointments.

In his second claim, plaintiff alleges that all jail inmates have been denied access to outdoor exercise due to a medical quarantine tent set up in response to the Covid-19 pandemic. Inmates have also been denied access to the library and to visitation.

Plaintiff's third claim is premised on the opening of his legal mail, identified only as three "appellate envelopes." He accuses staff at Amador County Jail of opening legal mail and copying

1    or scanning them before turning them over to the inmates.

2          By way of relief, plaintiff seeks damages, release from custody, and modifications to the

3    Covid-19 policies and practices at Amador County Jail.  He also seeks an order directing Amador

4    County Jail to stop mail tampering, to restrict officer attendance at medical appointments, and to

5    provide yard access and visitation.

6          IV.   ANALYSIS

7          Amador County Jail is the only defendant named in this case.  Therefore, the Court

8    analyzes plaintiff's claims with the understanding that a local governmental unit may not be held

9    responsible for the acts of its employees under a respondeat superior theory of liability.  See Bd.

10   of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell v. Dep't of Soc. Servs., 436 U.S.

11   658, 691 (1978); Gibson v. Cty. of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Instead, a

12   plaintiff must demonstrate that the alleged constitutional deprivation was the product of a policy

13   or custom of the local governmental unit, because municipal liability must rest on the actions of

14   the municipality rather than the actions of the employees of the municipality.  See Brown, 520

15   U.S. at 403; Monell, 436 U.S. at 690-91; Gibson, 290 F.3d at 1187.  Even if there is not an

16   explicit policy, a plaintiff may establish municipal liability upon a showing that there is a

17   permanent and well-settled practice by the municipality which gave rise to the alleged

18   constitutional violation.  See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988).

19   Allegations of random acts, or single instances of misconduct, however, are insufficient to

20   establish a municipal custom.  See Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1996).

21          A.  Covid-19 Prevention Policies

22          Prison conditions violate the Eighth Amendment if they are incompatible with "the

23   evolving standards of decency that mark the progress of a maturing society."  Rhodes v.

24   Chapman, 452 U.S. 337, 346 (1981).  Prison officials may not deprive prisoners of the "minimal

25   civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal

26   quotations and citations omitted).  The Eighth Amendment "requires that inmates be furnished

27   with the basic human needs, one of which is reasonable safety."  Helling v. McKinney, 509 U.S.

28   25, 33 (1993) (citation and internal quotations omitted).

                                                   4

1    To state an Eighth Amendment claim, a plaintiff must allege that prison officials' conduct

2    was sufficiently harmful to establish a constitutional violation (the "objective" test), and that the

3    officials acted with a sufficiently culpable state of mind (the "subjective" test).  See Wilson v.

4    Seiter, 501 U.S. 294, 298 (1991); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), cert.

5    denied, 532 U.S. 1065 (2001).

6    Plaintiff claims that jail staff have failed to comply with the jail's Covid-19 prevention

7    policies.  To be sure, prison officials have a constitutional obligation to protect inmates from

8    serious communicable diseases.  See Helling, 509 U.S. at 33; Fuller v. Houston, 2021 WL

9    6496742, at *3 (C.D. Cal. Nov. 19, 2021), adopted, 2022 WL 225671 (C.D. Cal. Jan. 25, 2022).

10   Covid presents a serious risk to prison inmates.  See Martinez v. Sherman, 2022 WL 126054, at

11   *6 (E.D. Cal. Jan. 13, 2022) ("It is clear that COVID-19 poses a substantial risk of serious

12   harm.") (citations omitted); Fuller v. Houston, 2021 WL 6496742, at *4 ("There is absolutely no

13   question that COVID-19 is a serious communicable disease.") (citations omitted); Plata v.

14   Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020) ("The COVID-19 pandemic is

15   'unprecedented,' and no one questions that it poses a substantial risk of serious harm to

16   [prisoners].") (citations omitted).

17   However, generalized allegations are insufficient to allege a constitutional violation.  See

18   Fraihat v. U.S. Immigration & Customs Enforcement, 16 F.4th 613, 639 (9th Cir. 2021) (failure

19   of ICE Covid policies for immigration detention centers to comply fully with CDC

20   recommendations and to "more strongly recommend social distancing" "did not support a finding

21   of deliberate indifference"); Peyton v. Cates, 2022 WL 1430752, at *5 (E.D. Cal. May 5, 2022),

22   adopted, 2022 WL 2307789 (E.D. Cal. June 27, 2022) ("CDC guidance and prison policy are not

23   alone determinative of constitutional requirements") (citation omitted); Jones v. Sherman, 2022

24   WL 783452, at *8 (E.D. Cal. Mar. 11, 2022) ("the failure to follow certain COVID-19 guidelines,

25   without more, is insufficient to satisfy the subjective prong of the deliberate indifference

26   standard") (footnote omitted).

27   Although plaintiff alleges instances in which Amador County Jail's Covid-19 prevention

28   policies were not followed — such as staff noncompliance with quarantine or disinfection

5

1  guidelines — this does not reflect that the policies themselves were objectively insufficient.

2  Instead, it reflects only that various staff or other individuals, who are not named as defendants in

3  this case, have failed to comply with the jail's Covid-related policies.  Because this is an

4  insufficient basis to impose liability on Amador County Jail, this claim is subject to dismissal.

5             B.  Outdoor Exercise

6        Plaintiff next takes issue with the effect of the jail's Covid-19 policies on the inmates.

7  Turning first to the denial of exercise, plaintiff alleges that he has been deprived of "access to

8  outdoor / exercise" for approximately 18 months.  Compl. at 4.  Exercise has been recognized as

9  "one of the basic human necessities protected by the Eighth Amendment."  Norbert v. City and

10  County of San Francisco, 10 F.4th 918, 928 (9th Cir. 2021) (citing May v. Baldwin, 109 F.3d

11  557, 565 (9th Cir. 1997)).  "Deprivation of outdoor exercise violates the Eighth Amendment rights

12  of inmates confined to continuous and long-term segregation."  Keenan v. Hall, 83 F.3d 1083,

13  1089 (9th Cir. 1996) (citing Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)), amended by

14  135 F.3d 1318 (9th Cir. 1998).  Still, "a temporary denial of outdoor exercise with no medical

15  effects is not a substantial deprivation."  May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); see

16  also Noble v. Adams, 636 F.3d 525, 531 (9th Cir. 2011) (concluding prison officials were entitled

17  to qualified immunity from § 1983 claim that post-riot lockdown of prison resulted in denial of

18  Eighth Amendment right to exercise); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010)

19  (recognizing that temporary denial of outdoor exercise with no medical effects is not a substantial

20  deprivation); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).  Moreover, prison officials

21  may restrict outdoor exercise based on weather, unusual circumstances, or disciplinary needs.

22  See Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979).

23        In determining whether prison officials are providing constitutionally adequate outdoor

24  exercise time requires an evaluation of the totality of the circumstances, including other

25  opportunities for indoor recreation, the length of time the inmate is held under the conditions,

26  whether the inmate has contact with others, whether disciplinary measures impact the conditions,

27  and whether the inmate has opportunities for training or rehabilitation programs.  Norbert, 10

28  F.4th at 929-32.

6

1      Plaintiff's claim that he has been denied outdoor exercise for several months implicates

2   his rights under the Eighth Amendment.  Plaintiff concedes, however, that the restrictions were

3   implemented to prevent the spread of Covid-19, a serious risk to inmates' health.  And while

4   plaintiff alleges that he and other inmates have been deprived of outdoor exercise, he does not

5   allege that he has been deprived of other opportunities for exercise, such as in his cell, in the

6   hallways, or alternative spaces inside the jail.  Beyond stating that the restrictions caused "severe

7   affects [*sic*] on my health from my mind to my body," he has also not alleged any specific harm

8   attributable to the lack of outdoor exercise.  Accordingly, this claim is likewise subject to

9   dismissal.

10                 C.  Visitation

11      Plaintiff alleges in a conclusory manner that the jail's Covid-19 policies have prohibited

12   visitation.  While an inmate's right of association is not "altogether terminated by incarceration,"

13   the Supreme Court has recognized that "freedom of association is among the rights least

14   compatible with incarceration."  Overton v. Bazzetta, 539 U.S. 126, 131 (2003).  In assessing this

15   claim, the court must look to whether the jail's restrictions on visitation were rationally related to

16   "legitimate penological interests" and whether plaintiff had alternative means to exercise his

17   rights.  Id. at 132.  Faced with the highly contagious and potentially deadly nature of the virus, the

18   jail's suspension of in-person visitation was more than rationally related to the legitimate goal of

19   protecting the health and safety of inmates, jail staff, and visitors.  Because plaintiff has not

20   alleged that he was denied other means to associate with friends and family, this claim is

21   insufficient to proceed.

22                 D.  Library Access

23      Plaintiff also states that inmates have been denied access to the library due to the Covid-

24   19 policies.  As with his other allegations, the details are sparse.  To survive Federal Rule of Civil

25   Procedure 8(a)(2), a complaint must provide " 'fair notice of what plaintiff's claim is and the

26   grounds upon which it rests' in order to enable the [defendant] to answer and prepare for trial, and

27   to identify the nature of the case."  Middleton v. United States, 2012 WL 394559, at *2 (E.D.N.Y.

28   Feb. 7, 2012) (quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005)).  Plaintiff's

1   allegations fail to meet this standard.  Although plaintiff could not physically access the library,

2   he does not allege that he has been unable to access any books or materials through alternative

3   means, such as a paging service.  There is also no allegation that he missed a court deadline or

4   was unable to file a meritorious claim.  Therefore, this claim is also subject to dismissal.

5                           E.   Confidential Medical Appointments

6            Liberally construing the pleading, plaintiff claims that his rights under the Health

7   Insurance Portability and Accountability Act ("HIPAA") are violated when correctional staff are

8   present at his medical appointments.  But the Ninth Circuit has definitively declared "HIPAA

9   itself provides no private right of action."  Garmon v. County of Los Angeles, 828 F.3d 837, 847

10  (9th Cir. 2016) (quoting Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir.

11  2007)).  Other circuits have explicitly found that HIPAA cannot be enforced through Section

12  1983.  Adams v. Eureka Fire Prot. Dist., 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA

13  does not create a private right, it cannot be privately enforced either via § 1983 or through an

14  implied right of action"); Sneed v. Pan Am Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We

15  decline to hold that HIPAA creates a private cause of action or rights that are enforceable through

16  § 1983").  As HIPAA does not provide a private right of action, the Court concludes that

17  plaintiff's allegations that his right to confidentiality has been violated by the presence of

18  correctional staff at his medical appointments fails state a claim upon which relief can be granted.

19  See Davenport v. Richards, 2008 WL 2678371, *3 (W.D. Wash. June 30, 2008) (finding the

20  plaintiff's claims relied solely on alleged violations of HIPAA, and because HIPAA provides no

21  private right of action, the claims must be dismissed).

22           To the extent plaintiff's allegations can be construed as a violation of his right to privacy,

23  it too would fail.  "The constitutionally protected privacy interest in avoiding disclosure of

24  personal matters clearly encompasses medical information and its confidentiality."  Norman-

25  Bloodsaw v. Lawrence Berkeley Lab'y, 135 F.3d 1260, 1269 (9th Cir. 1998).  But "imprisonment

26  carries with it the circumscription or loss of many significant rights."  Hudson v. Palmer, 468

27  U.S. 517, 524 (1984).  An action or regulation that infringes an inmate's constitutional rights is

28  valid only if it is reasonably related to a legitimate penological interest.  Powell v. Schriver, 175

1  F.3d 107, 112 (2d Cir. 1999) (citing Turner v. Saffley, 482 U.S. 78, 89 (1987)); cf. Seaton v.

2  Mayberg, 610 F.3d 530, 534 (9th Cir. 2010) ("[P]risoners do not have a constitutionally protected

3  expectation of privacy in prison treatment records when the state has a legitimate penological

4  interest in access to them."). Examples of such an interest include the need "to protect prison

5  staff and other prisoners from communicable diseases and violence, and to manage rehabilitative

6  efforts." Seaton, 610 F.3d at 534-35. Here, not only is there no allegation that correctional staff

7  disclosed plaintiff's private medical information to others, but it also appears that the presence of

8  correctional staff at these appointments is in furtherance of the common-sense penological

9  interest in institutional safety and security. Thus, there is no violation on the facts alleged.

10               F.  Release From Custody Unavailable

11        Finally, plaintiff's request for release from custody is not a form of relief available in a

12  civil rights action. See Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (a writ of habeas corpus

13  is the "exclusive remedy" for the prisoner who seeks " 'immediate or speedier release' " from

14  confinement). If plaintiff wishes to proceed with a claim that he is entitled to release due to a

15  miscalculation of his good time credits, he must do so in a petition for a writ of habeas corpus

16  filed in a new case. Plaintiff is advised that before he may file a habeas petition in this court, he

17  must first exhaust any constitutional claims by raising them in the California Supreme Court. 28

18  U.S.C. § 2254(b)(1).

19               G.  Leave to Amend

20        Plaintiff fails to state any claims for relief under 42 U.S.C. § 1983. Plaintiff will be given

21  an opportunity to amend the complaint. In an amended complaint, plaintiff must address the

22  problems with his complaint that are explained above. Plaintiff is advised that in an amended

23  complaint they must clearly identify each defendant and the action that defendant took that

24  violated plaintiff's constitutional rights. The court is not required to review exhibits to determine

25  what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a

26  claim, he must include it in the body of the complaint. The charging allegations must be set forth

27  in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

28  That said, plaintiff need not provide every detailed fact in support of the claims. Rather, plaintiff

1   should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

2          Any amended complaint must show the federal court has jurisdiction, the action is brought

3   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

4   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

5   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

6   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

7   of a constitutional right if he does an act, participates in another's act or omits to perform an act

8   he is legally required to do that causes the alleged deprivation).  "Vague and conclusory

9   allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of

10  Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

11         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

12  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

13  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

14  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

15         The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

16  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

17  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

18  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

19  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

20  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

21  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

22         An amended complaint must be complete in itself without reference to any prior pleading.

23  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

24  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

25  evidentiary support for his allegations, and for violation of this rule the court may impose

26  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

27  ////

28  ////

1    V.      PLAIN LANGUAGE SUMMARY FOR A PRO SE LITIGANT

2         Your request to proceed in forma pauperis is granted, and you will not have to pay the

3    filing fee all at once.  The court has screened your complaint and finds that it does not state a

4    claim for relief.  The complaint will not be served, but you may file an amended complaint that

5    tries to fix the problems described in this order.

6         If you choose to amend your complaint, follow the instructions provided above.  Be sure

7    to clearly identify who did what to violate your rights.  Remember that supervisors can be liable

8    only for violations they participate in or otherwise cause; they can't be sued for things that other

9    people did.

10        Based on the foregoing, IT IS HEREBY ORDERED that:

11      1.  Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 6) are

12           GRANTED;

13      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

14           is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

15           1915(b)(1).  All fees shall be collected and paid in accordance with this court's order

16           to the Director of the California Department of Corrections and Rehabilitation filed

17           concurrently herewith; and

18      3.  Within thirty days from the date of this order, plaintiff shall file a first amended

19           complaint.

20   Dated: February 27, 2023

21                                        _____

22                                        ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                              11